IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAMEION STANLEY,                )
                                )
            Petitioner,          )   C.A. No. 08-68 Erie
                                )
        v.                       )   Magistrate Judge Susan Paradise Baxter
                                )
FRANCISCO QUINTANA,             )
                                )
            Respondent.          )

## OPINION AND ORDER[1]

### I. Background

On December 14, 2005, the United States District Court for the Western District of New York sentenced Petitioner to 66 months' imprisonment with a five-year term of supervised release to follow for Possession with Intent to Distribute Marijuana and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). On December 14, 2005, Petitioner commenced his sentence, and on February 10, 2006, the Bureau of Prisons (the "BOP") designated him to serve his term of imprisonment at the Federal Correctional Institution at McKean ("FCI-McKean"), located in Bradford, Pennsylvania.

Pending before this Court is Petitioner's habeas corpus petition, which he has filed pursuant to 28 U.S.C. § 2241. He alleges that the BOP's regulations regarding placement into a Residential Re-Entry Center ("RRC")[2] are unlawful because they were promulgated in violation of the Administrative Procedures Act ("APA"). As relief, he requests that the BOP be ordered to release him to an RRC at the earliest possible date.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] 18 U.S.C. § 3624(c) describes the BOP's obligation to prepare inmates for community reentry by, *inter alia*, designating them to RRCs (formerly known as halfway houses) at the end of the term of imprisonment.

In his *Response*, Defendant argues that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies. In the alternative, Defendant argues that the case should be dismissed as prematurely filed because the BOP had not at that point made a decision regarding Petitioner's RRC placement.

The Court need not reach Defendant's arguments because Petitioner's term of imprisonment expired on December 10, 2009, and he was released from BOP custody on that date. Therefore, for the reasons set forth below, this case will be dismissed as moot.

## II.  Discussion

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir.), *cert. denied* 130 S.Ct. 458 (2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. at 7 (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). If developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147 (citing Spencer, 523 U.S. at 7).

Because Petitioner has been released from BOP custody, there is no additional relief that this Court can provide to him. He no longer has the requisite "personal stake" in the outcome of the litigation. See Id.; Spencer, 523 U.S. at 7. Accordingly, there is no case or controversy for this Court to consider, and the petition for writ of habeas corpus must be dismissed as moot.[3]

---

[3]
When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. See, e.g., Spencer, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477); Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. Id. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the

2

### **III.** **Conclusion**

For the foregoing reasons, the Petition For Writ Of Habeas Corpus [Document # 4] is dismissed as moot.

An appropriate Order follows.

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge

Dated: June 17, 2010

cc:    counsel of record and
        Dameion Stanley
        10641-055
        FCI MCKEAN
        PO BOX 8000
        BRADFORD, PA 16701
        (last address of record)

---

burden of demonstrating that he has sustained a collateral injury that can be effectively remedies by the court in order to avoid having his case dismissed on mootness grounds. Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven.").

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMEION STANLEY, | ) | |
| Petitioner, | ) | C.A. No. 08-68 Erie |
| v. | ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO QUINTANA, | ) | |
| Respondent. | ) | |

## ORDER

AND NOW, this 17th day of June, 2010;

IT IS HEREBY ORDERED that the Petition For Writ Of Habeas Corpus [Document # 4] is DISMISSED AS MOOT. The Clerk of Courts is directed to close this case.

.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge